UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WAI CHAN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 1:20-cv-00394-JDL |
| | ) |
| MAINE STATE PRISON, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff alleges that upon his release from the Maine State Prison, the Maine Department of Corrections provided him with incorrect identity information, which has prevented Plaintiff from obtaining a driver's license, a social card, and a green card. (Complaint at 3, ECF No. 1.) Plaintiff seeks injunctive relief and monetary damages.

Plaintiff filed an application to proceed in forma pauperis (ECF No. 3), which application the Court granted. (ECF No. 4.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

**STANDARD OF REVIEW**

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or

malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim, *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citation omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011). A review of Plaintiff's complaint fails to reveal a basis upon which this Court could exercise either federal question jurisdiction or diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332.

Pursuant to section 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff asserts that upon his release from the Maine State Prison, the

Maine Department of Corrections included incorrect information on his Identify Verification Information form and that the Department has refused to correct the information. Although Plaintiff might have a state administrative remedy or a state law claim based on the alleged error in his documentation, he has not alleged a federal claim. That is, Plaintiff has not asserted a claim based on the United States Constitution, a federal statute, or a federal treaty.

Pursuant to section 1332, federal district courts also have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 … and is between citizens of different States," 28 U.S.C. § 1332(a)(1), or between "citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction [] of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. § 1332(a)(2). While it is not entirely clear from Plaintiff's filing whether the requisite diversity exists, Plaintiff has not alleged any facts that would suggest that the claim exceeds the $75,000 threshold for diversity jurisdiction. Plaintiff, therefore, has not asserted a claim within the Court's diversity jurisdiction.

In sum, Plaintiff has not asserted a claim within the Court's subject matter jurisdiction. Dismissal, therefore, is warranted.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss Plaintiff's complaint without prejudice

to Plaintiff's ability to assert a request for state administrative relief or a claim in state court.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison<br>U.S. Magistrate Judge

Dated this 6th day of November, 2020.